IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN M.Z., <br><br> Petitioner, <br><br> vs. <br><br> KRISTI NOEM, *et al.*, <br><br> Respondents. | Civil No. 1:26-cv-02925-MWJS <br><br> ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS <br><br> A# 240-767-941 |

### <u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>

Petitioner John M.Z.[1] is an immigration detainee proceeding with a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (the "petition").  Dkt. No. 1.

After Petitioner entered the United States on or about May 16, 2022, he turned himself in to immigration authorities, was placed in removal proceedings, and was then released on his own recognizance.  *Id.* at pg. 2.  Before his release, he agreed to a number of restrictive conditions, including:  to report to any hearings and interviews the Department of Homeland Security (DHS) or Executive Office for Immigration Review saw fit to schedule; to surrender for removal if an order of removal were ever entered against him; to report the duty officer in Orlando, Florida on July 5, 2022, to get

---

[1]    For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at \*1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

written permission before changing his address; to assist DHS in securing travel documents; and not to violate any local, state, or federal laws or ordinances. *See Id.* at pg. 66–68.

Although the record does not conclusively establish that Petitioner has abided by each of these conditions in the nearly four years since, Respondents do not suggest that his detention is justified because of any violations. For example, Petitioner apparently was arrested (and later released) for a violation of Idaho state law in 2023. *Id.* at pg. 2; *see also* Dkt. 8-1, at pg. 3. One could conceivably imagine immigration authorities contending that the evidence underlying this arrest might support a finding that circumstances have changed since 2022 and Petitioner now does present a danger to the community. But Respondents do not make that argument. And, it appears, for good reason: nothing in the record suggests that when Petitioner was arrested and detained by immigration officers during a check-in at the ICE office in Boise, Idaho in February 2026, he was told that his 2023 arrest played any role. Dkt. 1, at pg. 4; Dkt. 8-1, at pg. 2. Indeed, at no point have immigration authorities pointed to any changed circumstances or offered any individualized basis for Petitioner's arrest and detention. Dkt. 1, at pg. 7. Nor have they ever asserted that Petitioner is now a danger to the community or a flight risk.

Petitioner now invokes this court's habeas jurisdiction, contending that his arrest and detention, without any pre-deprivation process, violate his constitutional due

process rights. *Id.* at pgs. 9–18.  Many district judges, both in this district and others, have granted relief in cases analogous to this one.  *See, e.g.*, *Pengling Miao v. Chestnut*, No. 1:26-cv-01271, 2026 WL 947020 (E.D. Cal. Apr. 8, 2026); *Yon Kervis U. v. Chestnut*, No. 1:25-cv-2066, 2026 WL 88983 (E.D. Cal. Jan. 12, 2026).  The court has considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent.  To resolve this case, therefore, the court need only determine whether there is any factual or legal basis to distinguish those prior decisions.

The court issued an Order to Show Cause, calling on Respondents to identify "any factual or legal issues in this case that render it distinguishable from prior orders like those listed above."  Dkt. No. 6.  The court appreciates Respondents' timely and candid answer.  Dkt. No. 8.  Although Respondents maintain that Petitioner's detention is lawful, they agree that the factual and legal issues in this case are not substantively distinguishable from those in the precedents cited above.  *Id.* at pg. 1.  They do not suggest that Petitioner's 2023 arrest (or any evidence underlying that arrest) serves as a material factual distinction.  And they state that they do not request a hearing and do not intend to file additional briefing.  *Id.*

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED as to Count 1, for

3

the reasons stated in those prior orders.  Because it is unnecessary to resolve the other counts in the petition, the court declines to do so.

Respondents are ORDERED to immediately release Petitioner John M.Z. (A# 240-767-941) from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.  This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

//

//

//

//

4

Given the foregoing, Petitioner's motion to appoint counsel, Dkt. No. 3, is

DENIED as moot.  The Clerk of Court is DIRECTED to close this case and enter

judgment for Petitioner.

IT IS SO ORDERED.

DATED:  April 23, 2026, at Honolulu, Hawai'i.

Micah W.J. Smith
United States District Judge

Civil No. 1:26-cv-02925-MWJS; *John M.Z. v. Kristi Noem*, et al.; ORDER GRANTING
PETITION FOR WRIT OF HABEAS CORPUS